UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AVROHAM GROSS,<br>　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　　Defendant. | No. 3:21-cv-00526 (SRU) |

**ORDER GRANTING COMMISSIONER'S MOTION FOR REMAND PURSUANT TO**
**SENTENCE SIX OF 42 U.S.C. § 405(g)**

The defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration[1] ("Commissioner"), has moved for remand under sentence six of 42 U.S.C. § 405(g) for further action to complete the administrative record. *See* Doc. No. 21. Under the sixth sentence of section 405(g), I have the authority to remand without making any substantive ruling as to the correctness of the Commissioner's decision, but only (1) if the Commissioner requests a remand before answering the complaint, or (2) if new, material evidence is required that was for good cause not presented before the administrative agency. *See* § 405(g) (sentence six); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). A sentence six remand is appropriate when procedural difficulties, such as an inaudible hearing tape, incomplete record, or a lost file, necessitate a request for remand by the Commissioner. *See* H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980) ("Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located

---

[1] On or about July 9, 2021, Kilolo Kijakazi became the acting Commissioner of the Social Security Administration and is substituted for Andrew Saul as defendant in this action. See Fed. R. Civ. P. 25(d).

or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review . . . .").

Here, before filing an answer in this case, the Commissioner discovered irregularities in the recording of the administrative hearing and now requests a remand for good cause. I agree with the Commissioner that good cause exists for a sentence-six remand to consider new and material evidence. Upon remand, Gross will be offered the opportunity for a new hearing, and the ALJ shall take any further action required to complete the administrative record and then issue a new decision.

"Sentence six remand orders are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ." *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999); *Melkonyan v. Sullivan*, 501 U.S. 89, 94–95 (1991) (in sentence six cases, the appeal period begins to run after the court enters a judgment following the completion of a post-remand proceeding). Accordingly, I **GRANT** the Commissioner's Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g). The Clerk shall remand the case to the Commissioner, but a final judgment will not issue unless and until post-remand proceedings are complete and the parties return to court. Until then, the Court retains jurisdiction over the matter.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of August 2021.

                                                /s/ STEFAN R. UNDERHILL
                                                Stefan R. Underhill
                                                United States District Judge